INCHAN A. KWON (SBN 247614)
(inchan.kwon@haynesboone.com)
**HAYNES AND BOONE LLP**
2033 Gateway Place, Suite 300
San Jose, California 95110
Phone:     (408) 660-4120
Facsimile: (408) 660-4121

Attorneys for Defendant
MICHAELS STORES, INC.

FILED
CLERK, U.S. DISTRICT COURT
MAR 25 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

JOHN B. MARCIN (SBN 148715)
(jbm@marcin.com)
JENNIFER C. PRICE (SBN 287747)
(jcp@marcin.com)
**MARCIN LAMBIRTH, LLP**
16830 Ventura Blvd., Suite 320
Encino, CA 91436
Phone:     (818) 305-2800
Facsimile: (818) 905-5010

Attorneys for Plaintiff
FORNOVELTY TRADING CO., LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| FORNOVELTY TRADING CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> MICHAELS STORES, INC., <br><br> Defendant. | Case No: CV11-10670-RSWL-(E) <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiff FORNOVELTY TRADING CO., LTD ("Fornovelty") and Defendant MICHAELS STORES, INC. ("Michaels") (collectively, "the parties"), have determined that discovery in this action may involve testimony concerning, or production of, information that may be protected under the constitutional, statutory, or common law right to privacy, or protected as confidential business and financial, proprietary, and/or trade secret information, and without waiver of objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which relevant information, otherwise not objectionable, may be obtained in a manner that protects all parties from the risk of unwarranted disclosure of discoverable information. Accordingly, pursuant to Local Rules 7-1 and 52-4.1, the parties hereby stipulate to the entry of the following Stipulated Protective Order:

1. <u>Definition of Confidential Information.</u>

"Confidential information," as used herein, means (a) information prohibited from disclosure by statute (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) information covered by HIPAA; or (g) personnel or employee records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential information whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation.

2. <u>Designation of Confidential Information.</u>

Each deposition transcript page, each interrogatory answer, each produced document, each thing, and each answer to a request for admission, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be so identified and marked "CONFIDENTIAL" by that party's counsel. Such identification and marking shall be made: (a) in the case of an answer to an

interrogatory or a response to a request for admission, at the time when the answer or response is served on the requesting party; (b) in the case of another document, when a copy of the document is provided to another party; and (c) in the case of an inspection of premises or things, either orally on the record at the time of the inspection (if there is a record of the inspection to be transcribed), or in a written notice delivered to counsel for the other party within ten (10) days after the inspection. In cases of inspection of confidential documents, documents need not be marked as "CONFIDENTIAL" at the time produced for inspection and each such document produced for inspection shall be treated as subject to the terms of this Order until a copy of such document is produced to the receiving party for use in this action.

In lieu of marking the original of a document, the party may mark the copies that are produced or exchanged. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within ten (10) calendar days after receipt of the transcript of the deposition, if such designation did not occur during the deposition. Pending notification from opposing counsel during the ten (10) calendar day period, all transcript pages shall be treated as "ATTORNEYS' EYES ONLY" and may be used only in accordance with such designation under this Protective Order. Unless identified and marked or designated in accordance with this paragraph, any confidentiality is waived, unless otherwise stipulated or ordered or inadvertent disclosure corrected pursuant to the terms of this Order.

3.  <u>Treatment of Confidential Information and Persons Entitled to Access.</u>

Until and unless the Court rules that any information, document or thing designated as "CONFIDENTIAL" is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying and dissemination of such information, documents and things shall be limited to the

following persons:

   A.   Outside litigation attorneys of record in this litigation, in-house counsel for the parties, and their staff, and supporting personnel of such attorneys who are working directly on this litigation under the direction of such attorneys and to whom the materials are disclosed for purposes of this litigation.

   B.   Outside experts and consultants such as independent accountants, statisticians, economists, or technical experts, employed in this litigation by a party or its attorneys of record, provided, however, that before such access is given, such expert or consultant has agreed in writing in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order.

   C.   Officers, directors, and employees for each named party to the extent necessary to further the interest of each party in this litigation.

   D.   Court reporters, stenographers, clerks, law clerks, and other Court personnel employed by the Court.

   E.   Associated personnel of any person within categories (a) through (e) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers, document production support, or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with which consultants or experts are associated.

   4.   <u>Materials Designated as "ATTORNEYS' EYES ONLY."</u>

In the event that any party deems in good faith that certain information, documents or things are extraordinarily sensitive (i.e., the disclosure of which to another party would create a substantial risk of serious harm) and, therefore, inappropriate for treatment merely as "CONFIDENTIAL" discovery material, such items may be designated and marked for "ATTORNEYS' EYES ONLY" instead of the "CONFIDENTIAL" designation set forth in Paragraphs 1 and 2, above.

Materials so designated may be disclosed only to persons as described in Paragraphs 3A, 3B, and 3D.

In addition, each party may designate one officer, director, or employee of that party who is permitted to have access to materials designated "ATTORNEYS' EYES ONLY." A person so designated must, in advance of receiving any "ATTORNEYS' EYES ONLY" information produced by a party, 1) be disclosed to the producing party, including the person's title or job description, and 2) must agree in writing in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order.

5. <u>Restrictions on Use and Dissemination of Designated Information.</u>

All information produced by a party in the course of this litigation and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be used by the receiving parties solely for the purpose of this litigation. Any person receiving information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the provisions of this Protective Order shall be advised of this Protective Order. Any person, other than those identified in Paragraphs 3A, 3B and 3D, to whom all or any part of information designated under this Protective Order is shown, shall agree to be bound by its terms prior to such disclosure, by signing the form attached hereto as Exhibit A.

6. <u>Certain Information Not Subject to Scope of Order.</u>

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was, or is, acquired from a third party having no obligation of confidentiality to the designating party, or (c) any receiving party can establish such information was in its or his or her rightful and lawful possession at the time of disclosure, or is developed independently by the receiving party without the use of confidential information. The burden of proving that information falls within the scope of one or

more of the exceptions provided for in this paragraph shall fall on the receiving party or parties.

7. Exceptions by Court Order or by Agreement by Parties.

Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other parties and the opportunity to be heard, orders such disclosure.

8. Inadvertent or Unintentional Omission of Confidentiality Designation.

The good faith inadvertent or unintentional disclosure by the supplying party of information that is "CONFIDENTIAL" or "ATTORNEYS EYES' ONLY" under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of "CONFIDENTIAL" or "ATTORNEYS EYES' ONLY" information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

The inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production.. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential

Information, even where the failure to designate was inadvertent and where the material is subsequently designated Confidential Information. Such inadvertent or unintentional disclosure shall be subject to the protections of Federal Rule of Evidence 502.

9. Challenges to Designations.

In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If, within ten (10) days, the dispute cannot be resolved, the objecting party or parties may seek appropriate relief from this Court under Local Rule 37, and the party asserting confidentiality shall have the burden of proving same. A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto, unless jointly stipulated. Upon motion to the Court, the producing party bears the burden of persuading the Court, by clear and convincing evidence, that the information is in fact Confidential within the definition of the terms set forth above. If the motion is granted by the Court, the designating party shall reimburse the objecting party for its reasonable attorneys' fees and costs in bringing the motion, up to a maximum of $2000. Conversely, if the motion is denied by the Court, the objecting party shall reimburse the designating party for its reasonable attorneys' fees and costs in opposing the motion, up to a maximum of $2000. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request. The parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal.

Entering into, agreeing to, and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any party that any item

designated as Confidential by any party or non-party is in fact confidential or deserving of protection as a confidential business record; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court whether any particular document, item of material or piece of information should be subject to the terms of this Stipulation and Order; (ii) to seek relief on appropriate notice from any provision(s) of this Stipulation and Order, either generally or as to any particular document, item of material, or piece of information; or (iii) to seek documents or other information from any source.

10. <u>Documents Under Seal.</u>

All documents or transcripts of deposition testimony that have been designated by any party as "CONFIDENTIAL" or for "ATTORNEYS' EYES ONLY" by a party to this action and that are to be filed with the Court shall be filed under seal, in accordance with Local Rule 79-5.1. Where possible, only confidential portions of filings with the Court shall be filed under seal. The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Information filed under seal shall be placed in sealed envelopes on which shall be endorsed the title to the action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such information pursuant to paragraph 5 which person(s) shall return the information to the Clerk in a sealed envelope.

11. <u>Filing of Briefs or Declarations Containing Confidential Information.</u>

In the event that a party wishes to use any information designated under this

Protective Order in any affidavit, brief, memorandum of law, or other paper filed in Court in this litigation, the party must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the judge responsible for the litigation.

If the confidentiality designation is disputed by the moving party, nothing shall prevent the moving party from disputing the confidentiality of the material at the time that said party makes any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation.

12.     Modification of Protective Order.

A party may seek the written permission of the other parties or further order of this Court, after notice to the other parties and opportunity to be heard, with respect to modification of this Protective Order. The parties may, by written stipulation, provide for exceptions to this Order.

13.     Return or Destruction of Confidential Information.

Within thirty (30) days after the final conclusion of this litigation, including all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be returned to the producing party except to the extent that there may have been entered thereon any information which constitutes any receiving party's work product in which event such documents shall be destroyed by that receiving party. Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product after final conclusion of this litigation.

14. Continuing Effect.

Once the case proceeds to trial, unless good cause is shown to the district judge in advance of trial to proceed otherwise, information designated by the parties and/or kept and maintained pursuant to the provisions of this Protective Order and lodged with the Court becomes public and will be presumptively available to all members of the public.

15. Advice to Client Based on Confidential Information.

Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "ATTORNEYS' EYES ONLY" designated information or documents, provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any designated information, other than to persons designated pursuant to paragraph 4 of this Protective Order.

16. Discovery Objections, Claim of Privilege.

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

Entering into, and agreeing to this Stipulated Protective Order or producing or receiving the Confidential Information, or otherwise complying with the terms of this Stipulated Protective Order shall not:

    a. constitute or operate as an admission by a party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute Confidential Information warranting protection from disclosure under this Stipulated Protective Order and California law;

    b.    prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility in evidence of any document, material, testimony, or thing subject to this Stipulated Protective Order, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible in evidence at any proceeding, including trial;

    c.    prejudice in any way the rights of any party to seek a determination by the Court whether any document, material, testimony, or thing is appropriately subject to this Stipulated Protective Order;

    d.    prejudice in any way the rights of any party to apply to the Court for enforcement of any or all of the provisions of this Stipulated Protective Order or for additional protection not provided in this Stipulated Protective Order;

    e.    prejudice in any way the rights of any party to withhold information on the bases of privileges and/or the work product doctrine, or

    f.    prevent the parties to this Stipulated Protective Order from agreeing, in writing, to alter or waive the provisions or protections provided herein with respect to any particular document or material.

17.    <u>No Restrictions on Disclosing One's Own Information.</u>

Nothing contained herein shall operate to prevent any party to this litigation from disclosing its own Confidential Information.

18.    <u>Inadvertent Disclosure.</u>

The inadvertent or unintentional disclosure or production of any document or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production. Such inadvertent or

unintentional disclosure shall be subject to the protections of Federal Rule of Evidence 502.

19. <u>Examination of Witnesses Regarding Confidential Information.</u>

Notwithstanding any of the provisions of this Protective Order, any witness subject to a noticed deposition in this litigation and his or her counsel of record may be shown, and questioned, concerning any document of which the witness is alleged or claims to be the author or a recipient of, or of which he or she is alleged to have knowledge. Nothing in this Protective Order shall preclude court officials, jurors or any certified reporter retained to transcribe depositions or court proceedings in this litigation from access to designated materials during judicial proceedings or depositions in this litigation.

20. <u>Treatment of Confidential Information Produced by Third Parties.</u>

If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, such third parties may gain the protection of this Protective Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Protective Order and will produce documents or information pursuant to this Protective Order, and by designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the procedures prescribed in this Protective Order. No further order of this Court shall be necessary to extend the protection of this Protective Order to third parties.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 3/25/13

The Hon. ~~Ronald S. W. Lew~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

## Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Confidential Information supplied in connection with the lawsuit entitled *Fornovelty Trading Co., Ltd. v. Michaels Stores, Inc.*, in the U.S. District Court for the Central District of California, Case No. CV11-10670 RSWL-(E). I certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") in this action. I have been given a copy of the Order, I have read the Order, and I agree to be bound by its terms.

I understand and agree that the parties producing Confidential Information shall be entitled to specific performance and injunctive relief, or other equitable relief as a remedy for any breach of this agreement, which shall be in addition to all other remedies available at law. I understand that information or materials designated as "CONFIDENTIAL" or "ATTORNEYS EYES' ONLY," as defined in the Order, or any notes or other records that may be made regarding any such information or materials, shall not be disclosed to any persons except as permitted by the Order. I agree to be subject to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcement of the Order.

DATED:                                By: _____